**SOBO & SOBO, LLP**                                      Attorneys for Plaintiffs
By:  Gregory M. Sobo, Esquire
One Dolson Avenue
Middletown, NY  10940
(845) 343-0466 Telephone


**WRIGHT & REIHNER, P.C.**
By: Joseph T. Wright, Jr., Esquire
Pa. I.D. No. 32690
By:  Danielle M. Mulcahey, Esq.
Pa. I.D. No. 76999
148 Adams Avenue
Scranton, Pennsylvania 18503
(570) 961-1166 Telephone
(570) 961-1199 Facsimile
_____

| | |
|---|---|
| JOSEPH FURLIPA, an infant, by his Parents and Natural Guardians, MICHELLE FURLIPA and MARTIN FURLIPA, and MICHELLE FURLIPA and MARTIN FURLIPA, Individually, | IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA |
| | CIVIL ACTION – LAW |
| Plaintiffs | |
| v. | [FILED VIA ECF] |
| STEPHEN J. PUGLIESE and MARY H. WILLIAMS, | CASE NO.: 3:CV- |
| | (JUDGE          ) |
| Defendants | |

## **COMPLAINT**

The plaintiffs, JOSEPH FURLIPA, an infant, by his Parents and Natural Guardians, MICHELLE FURLIPA and MARTIN FURLIPA, and MICHELLE FURLIPA and MARTIN FURLIPA, Individually, by and through their undersigned attorneys, WRIGHT & REIHNER, P.C. and SOBO & SOBO, L.L.P., hereby assert the following

Complaint against the Defendants, STEPHEN J. PUGLIESE and MARY H. WILLIAMS, averring as follows:

## I. STATEMENT OF CASE

1. The plaintiffs bring this action for damages sustained by JOSEPH FURLIPA, an infant, for the pain, suffering, and loss of enjoyment of life as a result of a dog attack.

## II. PARTIES

2. The plaintiff, JOSEPH FURLIPA, at all times hereto, was and still is an infant who is a citizen and resident of the State of New York, residing at 422 County Route 31, Glen Spey, New York 12737.

3. The plaintiff MICHELLE FURLIPA, is an adult individual and the mother and natural guardian of JOSEPH FURLIPA, who at all times hereto was and still is a citizen and resident of the State of New York, residing at 422 County Route 31, Glen Spey, New York 12737.

4. The plaintiff MARTIN FURLIPA, is an adult individual and the father and natural guardian of JOSEPH FURLIPA, who at all times hereto was and still is a citizen and resident of the State of New York, residing at 422 County Route 31, Glen Spey, New York 12737.

5. Upon information and belief, the defendant, STEPHEN J. PUGLIESE, at

all times material hereto, was and still is a resident and citizen of the Commonwealth of Pennsylvania, residing at 30 Parker Road, Honesdale, PA 18431.

6. Upon information and belief, the defendant, MARY H. WILLIAMS, at all times material hereto, was and still is a resident and citizen of the Commonwealth of Pennsylvania, residing at 31 Parker Road, Honesdale, PA 18431.

### III.   JURISDICTION AND VENUE

7. Jurisdiction exists against the defendants pursuant to 28 U.S.C. § 1332 in that the plaintiffs are citizens and residents of the State of New York; the defendant, STEPHEN J. PUGLIESE, is a citizen and resident of the Commonwealth of Pennsylvania; the defendant, MARY H. WILLIAMS, is a citizen and a resident of the Commonwealth of Pennsylvania; and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8. Venue exists pursuant to 28 U.S.C. § 1391, in that jurisdiction is founded on the diversity of citizenship only and this claim arose in the Middle District of Pennsylvania.

### IV.   FACTS

9. Plaintiffs incorporate Paragraph 1 through 8 of their complaint as if fully

set forth herein.

    10.    Upon information and belief, at all times relevant hereto, the defendant, STEPHEN J. PUGLIESE, was the owner of a certain premises located at 30 Parker Road, Honesdale, Pennsylvania.

    11.    Upon information and belief, at all times relevant hereto, the defendant, MARY H. WILLIAMS, was the owner of a certain dog known as "Storm" which was maintained at the WILLIAMS' premises of 31 Parker Road which was located next door to the PUGLIESE'S premises of 30 Parker Road.

    12.    On or about the 5th day of March 2006, the Plaintiffs were lawfully on the premises owned by the defendant, STEPHEN J. PUGLIESE in order to look at a car that the defendant, STEPHEN J. PUGLIESE, had advertised for sale in the newspaper.

    13.    While there, several dogs, including Storm, approached the car and began to lick the infant plaintiff, JOSEPH FURLIPA, through the window.  Upon being asked by the Plaintiffs if the dogs were safe, the defendant, STEPHEN J. PUGLIESE, indicated in the affirmative.

    14.    The infant plaintiff, JOSEPH FURLIPA, exited the vehicle and shortly thereafter, the above-referenced dog owned by the defendant, MARY H. WILLIAMS, attacked, threatened, menaced, harassed, mauled, bit, scratched

and/or intimidated the infant plaintiff, causing him to sustain severe and serious personal injures.

## COUNT I.   NEGLIGENCE
**JOSEPH FURLIPA, an infant, by his Parents and Natural Guardians, MICHELLE FURLIPA and MARTIN FURLIPA, and MICHELLE FURLIPA and MARTIN FURLIPA, Individually v. STEPHEN J. PUGLIESE and MARY H. WILLIAMS**

15.   The plaintiffs incorporate Paragraphs 1 through 14 as if fully set forth herein.

16.   The aforesaid accident and injuries were caused by the negligence, wanton, reckless and careless acts of the defendants herein.

17.   At the time of the aforementioned incident, the aforesaid injuries were caused by the negligent, wanton and reckless acts of the defendants consisting of the following:

   a.   allowing, causing and/or permitting the dog to run loose at the premises when the defendants knew or should have known of the propensities of the dog;

   b.   failing to properly and adequately restrain the dog;

   c.   failing to keep the dog restrained by a leash and/or penned;

   d.   failing to keep the dog under control;

   e.   failing to take those steps necessary to avoid the contingency which occurred;

   f.   failing to use that degree of caution, prudence and care which was reasonable and proper under the controlling circumstances;

g.  failing to properly muzzle the dog;

h.  failing to warn the plaintiffs of the dog's vicious propensities and of the dangerous conditions described herein;

i.  failing to act in the face of actual and constructive notice of the dangers that existed;

j.  failing to supervise with reasonable care;

k  failing to provide a safe environment;

l.  failing to take those steps necessary to avoid the contingency which occurred herein;

m.  failing to inspect and report of dangers at the location described;

n.  failing to use that degree of caution, prudence, and care which was reasonable and proper under the controlling circumstances;

o.  failing to take cognizance of the notorious and hazardous conditions which in the exercise of reasonable diligence should have been known and recognized;

p.  acting with reckless disregard for the safety of others;

q.  allowing, causing and/or permitting the dog to attack, threaten, menace, harass, maul, bite, scratch and/or intimidate the Infant Plaintiff when the defendants knew or should have known of the propensities of the animal;

r.  in negligently allowing and permitting a dangerous and vicious animal to be kept on the premises;

s.  in violating statutes, rules, regulations, and ordinances concerning the proper restraint and control of the dog;

    t.  in failing to control said dog despite knowledge of the dangerous propensities of the animal.

  18. The defendants had actual and/or constructive notice of the dangerous propensities of the dog in that they existed for a sufficient length of time prior to the happening of the within incident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof.

  19. By reason of the foregoing, JOSEPH FURLIPA was caused to suffer great physical pain and suffering, mental anguish, and emotional distress, discomfort, inconvenience, embarrassment and humiliation, disfigurement, and loss of the ability to enjoy the pleasures of life.

  20. Plaintiff, JOSEPH FURLIPA, an infant, by his Parents and Natural Guardians, MICHELLE FURLIPA and MARTIN FURLIPA, and MICHELLE FURLIPA and MARTIN FURLIPA, Individually, were caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident.

  21. Infant plaintiff also maintains that the defendants' carelessness, recklessness and negligence constitute outrageous conduct for which punitive damages should be awarded.

    **WHEREFORE,** Plaintiffs respectfully ask that this Honorable Court enter

judgment in their favor and against the defendants in excess of Seventy-Five Thousand ($75,000.00) Dollars plus interest and costs, and punitive damages to be determined by the trier of fact.

      WRIGHT & REIHNER, P.C.

      BY:  /s/ Danielle M. Mulcahey
      JOSEPH T. WRIGHT, JR, ESQ.
      DANIELLE M. MULCAHEY, ESQ.

      Associate Counsel for Plaintiffs

      SOBO & SOBO, LLP
      BY:  Gregory M. Sobo, Esq.

      Attorneys for Plaintiff(s)

**DATED:**  June 6, 2006